UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY OSEGUERA,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-05706-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is Defendant Specialized Loan Servicing, LLC's ("Specialized") motion to dismiss Plaintiff Henry Oseguera's ("Plaintiff") complaint. Dkt. No. 15 ("Mot."). This motion arises from Plaintiff's suit alleging that Specialized violated the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRAA"). Dkt. No. 1 ("Compl."). Plaintiff has filed an opposition to Specialized's motion to dismiss, Dkt. No. 18 ("Opp."), and Specialized has filed a reply, Dkt. No. 20 ("Rep"). For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss without leave to amend.

## I. BACKGROUND

### A. Factual History

For purposes of this motion, the Court accepts the following facts as true.

On February 11, 2013, Plaintiff filed for Chapter 13 bankruptcy. Compl. ¶ 87. Plaintiff's bankruptcy plan was confirmed on December 9, 2013. *Id*. ¶ 91. Under his plan, Plaintiff's unsecured creditors are allowed a 0% disbursement of their filed claims. *Id*. ¶ 90.

On March 21, 2016, Plaintiff ordered a three-bureau report from Experian Information Solutions, Inc. ("Experian"). *Id*. ¶ 92. Plaintiff noted seven different trade lines on his credit report, all reporting "inaccurate, misleading, or incomplete information that did not comport with

credit reporting industry standards." *Id*. ¶ 93. Specifically, Plaintiff found "multiple trade lines continu[ing] to report [his] accounts with past due balances, inaccurate balances, in collections, open, and/or charged off," with some accounts failing to "register that Plaintiff was making payments on the account through [his] Chapter 13 plan." *Id*. In response, on June 22, 2016, Plaintiff sent dispute letters to the credit reporting agencies ("CRAs"): Experian, TransUnion, LLC ("TransUnion"), and Equifax, Inc. ("Equifax"), noting that he had filed for bankruptcy and that the "account was not reporting the bankruptcy accurately or worse not at all." *Id*. ¶¶ 94-95. Plaintiff's letters requested that his creditors investigate the correct way to report his bankruptcy. *Id*. He asserted that, given his bankruptcy filing, there should not be any past due balance reported. *Id*. In addition, he contended that the account should not be listed as "charged off, transferred or sold," show an "inaccurate monthly payment," or contain any indication that it was in collections. *Id*. Plaintiff believes that each CRA received Plaintiff's dispute letter and sent his dispute to the data furnishers. *Id*. ¶ 96.

On August 17, 2016, Plaintiff ordered another three-bureau report from Experian. *Id*. ¶ 97. However, Plaintiff was "not pleased to notice that the inaccuracies had not been updated or removed." *Id*. ¶ 98. Instead, he noticed that his Equifax score rose by 15 points, and his TransUnion score rose by 17 points, but that both were still below 600. *Id*. Plaintiff asserts that his data furnisher, Specialized, did not accurately characterize his debt in light of his Chapter 13 bankruptcy confirmation plan. *Id*. ¶ 99.

Plaintiff also contends that Specialized did not follow industry standards for credit reporting. *Id*. The accuracy of credit scores relies on data furnishers and CRAs using the reporting industry standard format called Metro 2. *See id*. ¶ 49. Within the Metro 2 format, the Consumer Information Indicator ("CII") is a field that sets out special conditions that apply to a particular consumer. *Id*. ¶ 55. Specifically, the CII code "D" indicates that a Chapter 13 bankruptcy petition has been filed and is active, but no discharge has been entered. *Id*. ¶ 59. A CII code D conveys to creditors that while payments were not made nor received, they are also not anticipated because the account is no longer in a collectable status. *Id*. ¶¶ 59, 77. A deviation from these standard reporting practices creates a negative inference with regard to a consumer's

2

1 creditworthiness. *Id.* ¶ 86.

## B. Procedural History

On October 5, 2016, Plaintiff filed this action against Experian and Specialized. Compl. Plaintiff asserted a cause of action under the FCRA against each defendant, as well as a cause of action under the CCCRAA against Specialized. *Id.* ¶ 102-136. On November 1, 2016, Specialized filed the present motion to dismiss the complaint. Dkt. No. 15. Experian subsequently also filed its own motion to dismiss on November 15, 2016. Dkt. No. 19. However, on April 14, 2017, Plaintiff filed a notice of settlement with Experian. Dkt. No. 55. The Court dismissed Plaintiff's action against Experian on June 27, 2017. Dkt. No. 57. Thus, the only pending motion is Specialized's motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even

3

if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted). However, a district court may decline to allow leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation marks and brackets omitted).

## III. ANALYSIS

Plaintiff asserts two causes of action against Specialized: (1) an FCRA violation under 15 U.S.C. § 1681s-2(b), and (2) a CCCRAA violation under California Civil Code § 1785.25(a). Specialized moves to dismiss both causes of action.

### A. FCRA Violation

The FCRA aims to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). As such, the FCRA imposes certain requirements on CRAs and data furnishers. *See generally* 15 U.S.C. § 1681 *et seq*. Specifically, upon notice that a consumer disputes the completeness or accuracy of reported information, a data furnisher must "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A). However, a furnisher does not violate the statute simply by "failing to report a meritless dispute." *Gorman v. Wolpoff & Abramson, LLP*, 583 F. 3d 1147, 1163 (9th Cir. 2009). Instead, in order to state a claim under 15 U.S.C. § 1681s-2(b)(1)(A), a plaintiff must show first that there is an inaccuracy in the credit report. *See Biggs v. Experian Info. Sol., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016). Reported information may be inaccurate because it is (1) "patently incorrect," or (2) "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 583 F.3d at 1163 (internal quotation marks omitted).

Plaintiff alleges that Specialized failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b) and re-reported misleading and inaccurate account information. Compl.

4

¶¶ 104-05. Plaintiff's allegation rests on his argument that it is inaccurate or misleading to report a delinquency or past due balance after a Chapter 13 plan confirmation but before discharge of debt. *See id.* ¶¶ 99; Opp. at 6-8.

The Court disagrees. As an initial matter, Plaintiff has not alleged that the information reported by Specialized contains a factual inaccuracy, such as a claim that Plaintiff did not actually incur the debt, or that he had already obtained a discharge. In addition, with respect to Plaintiff's argument that it is inaccurate to report a delinquency post-confirmation but pre-discharge, this Court has previously rejected the identical argument. *See Messano v. Experian Info. Solutions*, No. 16–cv–05697–HSG, 2017 WL 1833280, at *3 (N.D. Cal. May 8, 2017) (finding that "there is no legal or logical support for Plaintiff's claim that plan confirmation changes the nature of the debt for FCRA reporting purposes.") (listing cases).

Plaintiff also alleges that Specialized's reporting practices violate industry standards. *See* Compl. ¶¶ 129. However, courts (including this Court) have repeatedly held that it is neither inaccurate nor misleading to report delinquency post-confirmation but pre-discharge merely because the reporting "was inconsistent with industry standards." *Messano*, 2017 WL 1833280, at *4; *Doster v. Experian Info. Solutions, Inc.*, No. 16-CV-04629-LHK, 2017 WL 264401, at *5 (N.D. Cal. Jan. 20, 2017) (listing cases). In addition, the Court need not address whether Plaintiff could support his FCRA claim on the ground that Specialized failed to report his bankruptcy, or reported his bankruptcy in a manner that was otherwise inaccurate or misleading, because Plaintiff's counsel confirmed that Plaintiff is not asserting that theory of liability. *See* Dkt. No. 54 at 18:5-25.[1]

Thus, insofar as Plaintiff is alleging inaccurate reporting based on Specialized's reporting of his debts notwithstanding his confirmed bankruptcy plan, the Court finds as a matter of law that Plaintiff cannot sustain an FCRA claim on that theory, and dismisses that claim without leave to

---

[1] Plaintiff's opposition notes that Specialized failed to update its reporting with the correct CII code. *See* Opp. at 2. However, the Court cannot consider material outside of the complaint. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005) ("[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials.")).

amend. In addition, because Plaintiff has waived any plausible claim that the manner of credit reporting was otherwise inaccurate or misleading, the entire complaint is properly dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130.

## B. CCCRAA Violations

The substance of the CCCRAA conforms to the FCRA standards discussed above. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995) ("The [CCCRAA] mirrors provisions of the FCRA"); *see also Cristobal*, 2017 WL 1489274, at *7. Accordingly, for the reasons stated above, the Court likewise grants Specialized's motion to dismiss the CCCRAA claim without leave to amend.

## IV. CONCLUSION

Because reporting a delinquent debt post-confirmation but pre-discharge is not inaccurate or misleading as a matter of law, any amendment to Plaintiff's FCRA and CCCRAA claims under this theory against Specialized would be futile. Likewise, Plaintiff's counsel has conceded that he is not raising the only other theory that could possibly save his complaint. The Court therefore **GRANTS** the motion to dismiss without leave to amend.[2] The Clerk is directed to close the case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: 7/5/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Defendant also argues that the case should be dismissed based on judicial estoppel and the applicable statute of limitations. *See* Mot. at 2-4. However, in light of Plaintiff's substantive failure to state a claim, the Court need not address these arguments.